IN THE CIRCUIT COURT OF THE
THIRD JUDICIAL CIRCUIT,
IN AND FOR SUWANNEE COUNTY,
FLORIDA

**DEBRA AIKENS,**

      Plaintiff,

v.

**PILGRIM'S PRIDE CORPORATION,**

      Defendant.
_____/

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, DEBRA AIKENS, hereby sues Defendant, PILGRIM'S PRIDE CORPORATION, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under §448.102 et seq., Florida Statutes.

2. This action involves claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, DEBRA AIKENS, has been a resident of the State of Florida, and was employed by Defendant. Plaintiff is a member of a protected class because she reported the unlawful behavior of Defendant and was thereafter subject to retaliation.

4. At all times pertinent hereto, Defendant, PILGRIM'S PRIDE CORPORATION, has been organized and existing under the laws of the State of Florida. At all times pertinent to

1

this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

5. Plaintiff satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the Equal Opportunity Commission ("EEOC").

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American female, began her employment with Defendant on or around July 9, 2012. She held the position of Supervisor at the time of her wrongful termination on or around June 30, 2018.

7. Despite Plaintiff's stellar work performance during her employment with Defendant, the events leading to her termination show Plaintiff was the victim of retaliation at the hands of Defendant because she reported and/or objected to Defendant's actual and/or suspected violations of one or more laws, rules, or regulations.

8. The retaliation came at the hands of specifically, but not limited to, Human Resource ("HR") Manager Raul Lagos; Area Manager Scott White; Plant Manager Carleton Jones, and supervisor Bienvenido Barrios.

9. Around June 16, 2018, Plaintiff refused to package "below grade-A" meat into "Grade A" packaging, as instructed by Plant Manager Jones. This was a violation of USDA rules and of Public Law 272, 84th Congress reflecting noncompliance with labeling requirements therein. Several employees did this under the instruction of other supervisors, including but not limited to, the instruction of supervisor Barrios. However, Plaintiff objected to these instructions and voiced her opposition to Barrios and Jones. Jones viewed this as a challenge to his authority,

and he ordered Plaintiff to falsely label and package the meat anyway since customers were not complaining.

10. Thereafter, Defendant intentionally retaliated against Plaintiff by understaffing employees to work under her supervision. Specifically, whenever Plaintiff was scheduled to work, her department (wing department) was understaffed while other departments (i.e., breast department) had more than the help they required. Plaintiff reported the disparate treatment to Bento and HR Manager Raul Lagos, but no corrective action was taken, and Defendant continued retaliating against Plaintiff for her disclosure.

11. Towards the end of June 2018, Plaintiff performed a daily walk-through which included ensuring the safety and productivity of Defendant's employees and machines. Shortly after, a stand fell over in Plaintiff's department causing a bruise on an employee. Plaintiff had the stand moved from her department to the maintenance department three times prior to this incident, and she did not see that it had been wrongly returned to her Department without proper maintenance. This was outside of Plaintiff's control, but Defendant blamed her anyway for the mishap in retaliation for her blowing the whistle.

12. On or around June 30, 2018, Area Manager Scott White suspended Plaintiff for allegedly violating safety procedures and told Plaintiff that he would contact her to advise her when to return to work, but Plaintiff never received a call-back.

13. Around this time, another employee (unknown) of Defendant from a different department, violated safety procedure by failing to use a proper shield and guard while operating one of Defendant's machines. As a result, the employee's fingertip was cut off, and both the department manager and employee were suspended, but Defendant permitted them to return to work two weeks later.

14. On or around July 13, 2018, Plaintiff called Defendant and spoke to HR Lagos regarding the status of her job. Thereafter, Plaintiff was officially terminated over the phone. Despite her request for termination documents showing the reason that she was being fired, Defendant failed to provide any.

15. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the statutory provisions cited herein and such other grounds as are authorized.

## COUNT I
## VIOLATION OF CHAPTER 448, FLORIDA STATUTES

16. Paragraphs 1-15 are incorporated herein by reference.

17. This is an action brought under §448.101, et seq., Florida Statutes.

18. As set forth in greater detail above, during Plaintiff's employment, Plaintiff objected to certain practices of Defendant that were in violation of state, local and/or federal laws, rules and/or regulations and/or that she reasonably and objectively believed were in violation of same.

19. After Plaintiff objected, Defendant terminated her. Plaintiff was terminated after she objected to and/or refused to participate in practices of Defendant that were in violation of one or more laws, rules or regulations and/or that he reasonably and objectively believed were in said violation.

20. Specifically, Plaintiff disclosed a practice of the Defendant that is in violation of a law, rule, or regulation, and Plaintiff brought the activity, policy, or practice to the attention of a supervisor or the Defendant and afforded the Defendant a reasonable opportunity to correct the activity, policy, or practice and objected to, or refused to participate in, any activity, policy, or

4

practice of the Defendant which is in or was suspected to be in violation of a law, rule, or regulation.

21.     The disclosures made by Plaintiff are protected under §448.102, Florida Statutes.

22.     As a direct and proximate cause of Plaintiff's participation in the Whistle Blowing activities identified herein, Plaintiff has been damaged, which damages include but are not limited to, lost wages and other tangible and intangible damages and every other kind of damage allowed by law.  Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue today.  Plaintiff is also entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest damages where appropriate; and

  (g) grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 3rd day of June 2020.

            Respectfully submitted,

            /s/ Marie A. Mattox
            Marie A. Mattox [FBN 0739685]
            MARIE A. MATTOX, P. A.
            203 North Gadsden Street
            Tallahassee, FL 32303
            Telephone:  (850) 383-4800
            Facsimile:   (850) 383-4801
            Email: marie@mattoxlaw.com
            Secondary emails:
            michelle2@mattoxlaw.com
            marlene@mattoxlaw.com

            ATTORNEYS FOR PLAINTIFF